RICHARD E. QUINTILONE II (SBN 200995)
GEORGE A. ALOUPAS (SBN 313112)
**QUINTILONE & ASSOCIATES**
22974 El Toro Road, Suite 100
Lake Forest, CA 92630
Telephone: (949) 458-9675
Facsimile:  (949) 458-9679
E-Mail: REQ@QUINTLAW.COM; GAA@QUINTLAW.COM;

Attorneys for Plaintiff, SEAN HARTRANFT on behalf of himself and on behalf of a Class of all other persons similarly situated

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN HARTRANFT, on behalf of himself and on behalf of a Class of all other persons similarly situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>ENCORE CAPITAL GROUP, INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>          Defendant. | Case No.:  **'18CV1187 BEN RBB**<br><br>**CLASS ACTION**<br><br>**Assigned For All Purposes To:**<br>Dept.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

Plaintiff Sean Hartranft ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant Encore Capital Group, Inc., (hereinafter, referred to as "Defendant") in negligently and/or willfully or knowingly contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

## I. INTRODUCTION

1. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012).

2. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

///

3. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also, Mims,* 132 S. Ct. at 744.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States and pursuant to 28 U.S.C. § 1332(d) because: (i) there are 100 or more class members; (ii) there is an aggregate amount in controversy exceeding **$5,000,000.00** exclusive of interest and costs; and (iii) because at least one plaintiff and defendant are citizens of different states. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) as the Defendant's principal place of business is within this judicial district.

6. Upon information and belief, Defendant regularly and continuously conducts business in the State of California, and thus, personal jurisdiction is established.

**II.  PARTIES**

7. Plaintiff SEAN HARTRANFT at all relevant times was and is a natural person and a resident of the State of California, County of Orange. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

8. Plaintiff is informed and believes, and thereon allege, that Defendant is, and at all times mentioned herein was, a corporation organized under the laws of Delaware, registered to conduct business in the State of California, and is a "person" as defined by 47 U.S.C. § 153 (39).

9. Defendant is finance company who purchases portfolios from major banks, credit unions, utility providers, and municipalities, to collect on the debts of individuals.

10. Defendant's website is listed at https://www.encorecapital.com/.

11. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.

///

-3-

CLASS ACTION COMPLAINT

## III. FACTUAL BACKGROUND

12. Defendant regularly makes autodialed phone calls with a pre-recorded message to consumers in order to collect debts.

13. Upon information and belief, Plaintiff did not provide his number to Defendant or Defendant's agents.

14. Plaintiff had an American Express credit card that was automatically converted to Visa card when Costco changed credit cards. The balance from the old card was transferred to the new card along with a new creditor, Defendant.

15. From **September 19, 2017** to **October 2, 2017,** Defendant called Plaintiff twenty-four (24) times. Plaintiff did not provide Defendant with a "prior express consent" nor written consent to receive calls to his cellular telephone.

16. Defendant made the 24 unwanted autodialed calls to Plaintiff's cellular phone from the numbers 1-800-888-9419 and 1-877-445-4581. Some of theses calls occurred multiple times in a day, sand sometimes occurring more than once in the same hour.

17. These calls were made on the following days:
    (a) September 19, 2017
    (b) September 20, 2017
    (c) September 21, 2017 (4x)
    (d) September 22, 2017 (4x)
    (e) September 25, 2017 (3x)
    (f) September 26, 2017 (3x)
    (g) September 27, 2017 (4x)
    (h) September 28, 2017 (2x)
    (i) October 2, 2017 (2x)

18. All of the 24 calls originated from toll-free telephone numbers beginning with a "800" and "877" area code.

19. A number of the telephone calls from Defendant went unanswered and Defendant did not leave a voice message.

20. Defendant did not have prior express consent nor written consent to place calls to Plaintiff's cellular number and falsely enticed individuals to return Defendant's calls.

21. Defendant's calls were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A).

22. Plaintiff was personally affected by Defendant's conduct because Plaintiff was frustrated and distressed that Defendant interrupted Plaintiff with unwanted calls.

23. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by California privacy law and the TCPA. Defendant's calls forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

24. Plaintiff is informed and believes and here upon alleges, that the calls were made by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, control and for Defendant's benefit.

25. Through the aforementioned conduct, Defendant or its agent(s) has violated 47 U.S.C. § 227(b)(1).

## IV. CLASS ALLEGATIONS

26. Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to Federal Rules of Civil Procedure, Rule 23(c). Plaintiff seeks to represent a Class composed of and defined as:

> **All persons within the United States who received any telephone call from Defendant or its agent/s and/or employee/s, not sent for emergency purposes, to said person's cellular telephone within the four years prior to the filing of this Complaint.**

27. The above Classes and Sub-Classes may be referred to herein by the state sub-class or collectively as the "Class." Excluded from the Class are Defendant, its affiliates, subsidiaries, parents, successors, predecessors, any entity in which Defendant or its parents have a controlling interest; Defendant's current and former employees, officers and

directors; the Judge(s) and/or Magistrate(s) assigned to this case; any person who properly obtains exclusion from the Class; any person whose claims have been finally adjudicated on the merits or otherwise released; and the parties' counsel in this litigation. Plaintiff reserves the right to modify, change, or expand the Class definitions based upon discovery and further investigation.

### A.  Numerosity

28.  Upon information and belief, the Class is so numerous that joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown at this time, such information being in the sole possession of Defendant and obtainable by Plaintiff only through the discovery process, Plaintiff believes, and on that basis alleges, that thousands of Class members have been subjected to the conduct by Defendant herein alleged.

### B.  Commonality

29.  There are questions of law and fact common to each Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

(a) Whether Defendant engaged in the conduct alleged herein;

(b) Whether, within the four years prior to the filing of this Complaint, Defendant or their agents initiated any telephonic communications to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party);

(c) Whether Defendant can meet its burden of showing Defendant obtained prior express written consent;

(d) Whether Defendant's conduct was knowing and/or willful;

(e) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

(f) Whether Defendant and their agents should be enjoined from engaging in such conduct in the future.

There are common answers to these questions which further demonstrate that class treatment is appropriate in this case.

### C. Typicality

30. All of Plaintiff's claims are typical of the claims of the Class since Plaintiff and all Class members were injured in the same manner by Defendant's uniform course of conduct described herein. Plaintiff and all Class members have the same claims against Defendant relating to the conduct alleged herein, and the same events giving rise to Plaintiff's claims for relief are identical to those giving rise to the claims of all Class members. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

### D. Adequacy of Representation

31. Plaintiff is an adequate representative for the Class because his interests do not conflict with the interests of the Class that they seeks to represent; Plaintiff has retained counsel competent and highly experienced in complex class action and consumer fraud litigation to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

### E. Superiority of Class Action

32. A class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiff and all Class members. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them by Defendant. Even if Class members could afford such individual litigation, the court system could not. Individualized litigation presents a

potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, an economy of scale, and comprehensive supervision by a single court. Upon information and belief, members of the Class can be readily identified and notified based on, inter alia, the records (including databases, etc.) Defendant maintains regarding the consumers such as Plaintiff and the Class Members that Defendant has contacted. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

33. Given that Defendant has engaged in a common course of conduct as to Plaintiff and the Class, similar or identical injuries and common law and statutory violations are involved and common questions far outweigh any potential individual questions.

34. The Class is defined in terms of objective characteristics and common transactional facts.

35. Plaintiff reserves the right to revise the above Class definitions based on facts adduced in discovery.

36. Class Plaintiff contemplates the eventual issuance of notice to the proposed Class Members of each of the Plaintiff Classes that would set forth the subject and nature of the instant action. The Defendant's own business records can be utilized for assistance in the preparation and issuance of the contemplated notices.

37. Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other members of the Class, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

///
///
///
///

CLASS ACTION COMPLAINT

# FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TCPA
**[47 U.S.C. §§ 227 *et seq.*]**

**(Against ENCORE CAPITAL GROUP, INC. and DOES 1 through 100, Inclusive)**

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq.

40. As a result of Defendant's negligent violations of 47 U.S.C. § 227, et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

# SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
**[47 U.S.C. §§ 227 *et seq.*]**

**(Against ENCORE CAPITAL GROUP, INC. and DOES 1 through 100, Inclusive)**

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq.

44. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, et seq., Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

45. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER

**WHEREFORE**, PLAINTIFF **DEMANDS A JURY TRIAL** and prays for judgment as follows:

**ON THE FIRST CAUSE OF ACTION**:

 (a) **$500.00** in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B);

 (b) Injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A); and

 (c) For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify.

**ON THE SECOND CAUSE OF ACTION:**

 (a) **$1,500.00** in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

 (b) Injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A); and

 (c) For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify.

**ON ALL CAUSES OF ACTION:**

 (a) For an award of reasonable attorneys' fees to Plaintiff and the Class Members pursuant to California Code of Civil Procedure § 1021.5, and/or other applicable law;

 (b) For an award of costs of suit to Plaintiff and the Class Members pursuant to applicable law; and

 (c) For such further relief as this Court may deem just and proper.

///
///
///
///

CLASS ACTION COMPLAINT

| | |
|---|---|
| Dated: June 6, 2018 | **QUINTILONE & ASSOCIATES**<br><br>By: <u>/s/ Richard E. Quintilone II, Esq.</u><br>RICHARD E. QUINTILONE II,<br>GEORGE A. ALOUPAS<br>Attorney for Plaintiff SEAN HARTRANFT, on behalf of himself and on behalf of a Class of all other persons similarly situated |

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff hereby demands trial of the claims by jury to the extent authorized by law.

| | |
|---|---|
| Dated: June 6, 2018 | **QUINTILONE & ASSOCIATES**<br><br>By: <u>/s/ Richard E. Quintilone II, Esq.</u><br>RICHARD E. QUINTILONE II,<br>GEORGE A. ALOUPAS<br>Attorney for Plaintiff SEAN HARTRANFT, on behalf of himself and on behalf of a Class of all other persons similarly situated |

CLASS ACTION COMPLAINT